E. McCoy, Assignee, v. The Hastings & Bradley Company et al., Appellants; J. V. Farwell & Company, Interveners.

"Cost Price" Defined. Where goods are sold at "cost price," the buyer owes the bill price, and is not entitled to deduct discounts which the seller would have been entitled to had such seller paid for the goods by a stated time.

*Appeal from Lyon District Court.*—Hon. Scott M. Ladd, Judge.

Friday, December 14, 1894.

Action to recover the balance of the purchase price of a stock of goods. Trial to the court, judgment for the plaintiff, and defendants appeal.—*Affirmed.*

*McMillan & Dunlap* for appellants.

*E. Y. Greenleaf* and *E. C. Roach* for appellee.

Kinne, J.—I.   Plaintiff, as assignee of one Anderson, an insolvent, sold to defendants a stock of goods, formerly the property of Anderson, the price at which the goods were sold being stated in the memorandum of sale as follows:   "For the consideration of sixty-four cents on the dollar on cost price of said property; said inventory to be taken as soon as possible."   An inventory of the property was taken, in which the price of the several items of goods was the regular invoice price.   In making this invoice, no account was taken of freight paid on the goods, and no allowance was made to cover any discounts.   Defendants contend that they should have been allowed the discounts stated on the bills, and it seems to be conceded that if these had been deducted from the bill price there would be noth-

ing due plaintiff. Plaintiff's contention is that the words "cost price," as used in the agreement of sale, mean the price at which the goods were originally billed to Anderson. He also says that the freight, which was not considered, amounted to more than the discounts, even if they had been allowed. He also claims that the inventory was agreed to at the time it was taken.

II. From the statement above it will be seen that the only matter in controversy in this suit is the meaning of the words "cost price," as used in the contract of sale of the goods. It appears without conflict that the goods were in fact inventoried at what they cost in Chicago, without considering either freight or discounts; that it is usual with wholesale men to bill goods as due in a certain number of days, as in sixty days, ninety days, or four months, and that a certain discount from the bill price is allowed if payment is made prior to the date when the bill becomes due. The amount of such discount depends upon the kind of goods, and the time within which they are paid for, prior to the time when the bill becomes due. The cost price is said to be what is actually paid for an article. And. Law Dict.; Black, Law Dict.; *Buck v. Burk*, 18 N. Y. 337. "Cost" is defined by Webster as "the amount paid, charged, or engaged to be paid for anything bought." Anderson never paid for these goods. When the contract of sale was made to defendants, the time had passed within which payments might be made so as to obtain the benefit of the wholesale merchant's discounts. The goods were sold to Anderson, and presumably charged to him at a certain sum; but he might, by paying at certain times in advance of the time when the bills became due, obtain certain discounts. Not having done so, it is manifest that the cost price to him was the price at which the goods were billed. If he had paid for the goods, then the cost price would be the amount in fact paid. As Anderson

failed to avail himself of the discounts offered, they can not now be considered in determining what is, or was, the cost price of the goods. Suppose defendants' agreement had been with the creditors of Anderson direct, to take his goods and pay them sixty-four per cent of the cost price of them to Anderson, could they have discharged their liability under such a contract by paying the bill price less the most favorable discount which had been offered Anderson, or less any discount whatever? It seems to us not. The cost price must be determined in view of what Anderson would have been compelled to pay for the goods at the time defendants purchased them. His obligation was to pay the bill price; and defendants' agreement was to pay sixty-four per cent of that price.

Other matters are discussed by counsel, in connection with the determination of the question presented, which we do not deem it necessary to consider. The judgment below was proper, and is AFFIRMED.